DAVID H. BOND, Respondent, v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 19, 1904.**

1. **PASSENGER CARRIERS: Alighting from Train: Demurrer to Evidence: Jury.** Though the preponderance of the evidence relating to the alighting from a moving train be largely with the defendant, yet the court can not give a peremptory instruction if there is substantial evidence supporting plaintiff's theory of the case, and this though the plaintiff may have contradicted himself in his testimony on the issue, since it is for the jury to say which of the two statements they will believe.  .    ....

2. ———: ———: **Jury Question: Negligence.** It is not negligence *per se* for a passenger to attempt to board or alight from a slowly moving car; and whether, under the circumstances of the given case, it is negligence is for the jury.

3. ———: ———: **Pleading: Variance: Instruction.** A petition counted on the negligence of the defendant in suddenly starting its train while plaintiff was in the act of alighting therefrom. An instruction that if he attempted to alight from a slowly moving train he could not recover should have been given.

4. ———: ———: **Verdict: Passion and Prejudice: Appellate Practice.** The appellate court will not set aside a verdict unless it is so clearly against the weight of the evidence that it must have been the result of passion and prejudice, though the trial court may in its discretion set aside a verdict when it believes the jury has abused its discretion in passing on the credibility of the witnesses and the weight of the evidence.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes*, Judge.

REVERSED AND REMANDED.

*O. M. Spencer, F. B. Ellis* and *Wm. Henry* for appellant.

(1)   One entering a train as an escort for a female taking passage thereon is not deemed a passenger, and

is entitled to no time to get on or off, except that afforded in performing the company's duty to its passangers, unless the company has notice of the fact that he enters on the train as a mere escort, and even in that case ordinary care and diligence is the degree of care due such person, and not the high degree of care due to passengers. Doss v. Railroad, 59 Mo. 27; Yarnell v. Railroad, 113 Mo. 570. (2) For a person to get on or off of a train of cars propelled by steam at any place while moving, in disregard of the protest or warning of those in charge of the train, is to assume the risk of the act, and the recklessness or negligence implied by law will preclude a recovery. Fulks v. Railroad, 111 Mo. 343; Neville v. Railroad, 158 Mo. 315. (3) Previous to the last named case it had been held by our Supreme Court that in the absence of warning or protest it was not negligence *per se* for a passenger to get on or off of a moving train at a proper place at a station, provided the motion was slow, that is, so slight as to be almost or quite imperceptible. Clotworthy v. Railroad, 80 Mo. 223; Price v. Railroad, 72 Mo. 418; Straus v. Railroad, 75 Mo. 190; Nelson v. Railroad, 68 Mo. 595; Doss v. Railroad, 59 Mo. 38; Fulks v. Railroad, 111 Mo. 335; Kelley v. Railroad, 70 Mo. 608. (4) It is not negligence *per se* for a passenger to get on or off of a moving train, if urged or directed to do so by those in charge of the train, even though the motion is not slight, or so slow as to be almost imperceptible, but somewhat rapid. Wyatt v. Railroad, 55 Mo. 491; Taylor v. Railroad, 26 Mo. App. 236. (5) It is a long and well-established doctrine that an appellate court will interfere in case a verdict of a jury is so clearly against the evidence, or the weight of it, that it must have been the result of passion or prejudice. Hipsley v. Railroad, 88 Mo. 348; Caruth v. Richardson, 96 Mo. 186; Spohn v. Railroad, 87 Mo. 74; Cooper v. Hunt, 103 Mo. App. 9. (6) The peremptory instruction to find for defendant on the case made by

the evidence and pleadings should have been given. Neville v. Railroad, 158 Mo. 293; Fulks v. Railroad, 111 Mo. 343; Heaton v. Railroad, 65 Mo. App. 479. (7) What plaintiff admitted in his deposition must be taken as true for the purposes of this case, and instruction number 1 for him ought to have been refused, and instruction "G" for defendant given. Erwin v. Railroad, 94 Mo. App. 297; Feary v. Railroad, 162 Mo. 105. (8) Instruction "H" prayed by defendant should have been given. Murphy v. Railroad, 43 Mo. App. 342; Heaton v. Railroad, 65 Mo. App. 479; 112 N. Y. 371; 8 Colo. 163; 116 Mass. 269. (1) The peremptory instruction to find for defendant was properly refused. We submit that under the evidence the plaintiff was entitled to have the issues submitted to a jury. James v. Life Assn., 148 Mo. 16; Bruman v. Santa Fe, 72 Mo. App. 107; Tower v. Pauley, 76 Mo. App. 287; Reed v. Railroad, 94 Mo. App. 371; Dorsey v. Railroad, 83 Mo. App. 528; Hopkins v. M. W. of A., 94 Mo. App. 402; and cases cited; Saxton v. Railroad, 98 Mo. App. 499. (2) Instructions "C" and "F" were properly refused. They are not correct statements of the law. Fulks v. Railroad, 111 Mo. 335; Schaefer v. Railroad, 128 Mo. 64; Dawson v. Transit Co., 102 Mo. App. 277; Eikenberry v. Transit Co., 103 Mo. App. 442. (3) Instruction "H" offered by defendant was properly refused, for the following reasons: It was not based on the evidence. Defendant's witnesses testified as to speed of train and three said "about six miles per hour." It is not a correct proposition of law, and especially not under the evidence in this case. Appellant cites cases of Murphy v. Railroad, 43 Mo. App. 432 and Heaton v. Railroad, 65 Mo. App. 479. The Murphy case is not in harmony with the decisions of this court, nor of the Supreme Court. Eikenberry v. Transit Co., supra; Owens v. Railroad, 111 Mo. 335. (4) The appellate courts will not interfere in this regard unless there is a clear case of abuse of this dis-

cretion by the trial court.   State v. Jacobs, 152 Mo. 565; Kuenzel v. Stevens, 155 Mo. 280.

BROADDUS, J.—This is a suit to recover damages for personal injuries received by plaintiff in alighting from a passenger train of defendant at its depot in Lathrop, Missouri, on the fourth day of October, 1902.   Plaintiff was a man sixty-four years of age, a farmer and as such a laborer; his married daughter, who lived in St. Louis and who had been visiting him at his farm, was returning to her own home and he and another daughter accompanied her to said depot. Upon the arrival of the train upon which said married daughter proposed to embark on her journey she and plaintiff entered a passenger coach, he carrying her valise and a box which he deposited in a seat some distance from the front end of the coach.   The coach door was closed after plaintiff's entrance.   In his effort to get off the train plaintiff fell and was injured.

Thus far the facts are practically admitted.   Plaintiff's evidence tends to show that his said married daughter, a Mrs. Shanks, had been sick and was at the time quite feeble and that plaintiff entered the coach for the purpose of assisting her with her baggage. Plaintiff proceeded first with his daughter, Mrs. Shanks, following him.   When at the entrance, defendant's brakeman said to plaintiff with reference to her baggage, "Take them in for her, you have plenty of time."   To which plaintiff replied that he was not going himself but was just helping his daughter on.   Plaintiff hurried into the coach with Mrs. Shanks' baggage and then hurried out, Mrs. Shanks coming in the door as he was going out.   He went down the steps and as he was in the act of alighting from the train it moved forward with a sudden jerk which caused him to fall upon the platform of the station.   That while the train was at the station the brakeman stood at the front door of the rear car and the conductor stood about midway

of the baggage car. While plaintiff was inside the chair car the brakeman said to the conductor, "all right here" and the conductor gave the engineer the signal to go, and the train started up immediately.

It was shown that plaintiff was unable by reason of physical disability to be present at the trial and his evidence was by way of deposition.

The defendant's evidence conflicts with that of plaintiff except as to certain matters already stated which are not in dispute. It went to show that plaintiff was dilatory in leaving the coach and had some difficulty in getting the door open and that when he attempted to alight the train was going at a rate of speed equal to four, five or six miles an hour. And the brakeman denied that he used the language attributed to him or that he knew that plaintiff was not aiming to take passage on the train. Defendant's station agent also testified that the train was moving at a rapid rate of speed and that he warned plaintiff not to get off, but that notwithstanding such warning he let go the hold he had with his right hand of the railing on his right, while at the same time he turned his face to the rear of the train, holding the rail with his left hand, leaped off and fell upon the station platform.

After plaintiff's deposition was taken to be read in his own behalf the defendant also had it taken, and both were read on the trial. In the latter plaintiff testifies that as he went to step off the train was moving. There was testimony of other witnesses, however, to the effect that plaintiff was thrown from the steps of the coach by a sudden jerk and that he did not step off while the train was moving. Two witnesses testified that plaintiff told them that he jumped off the train. One of them to the effect that plaintiff said he had thought about jumping before he did so and that he thought if he jumped the way he did it would lessen his fall. And there was also evidence to the effect that the train had moved more than one car length from

the point of starting before plaintiff fell upon the station platform.

The trial resulted in a verdict and judgment for plaintiff for $2,000 from which defendant appealed.

It is insisted that the court, under the evidence, erred in refusing to instruct the jury to find for the defendant. This insistence is predicated upon the theory that plaintiff was not thrown from the steps of the car by the sudden starting of the train, but that he fell when attempting to alight while it was moving at a rapid and dangerous rate of speed. As the evidence was contradictory upon this issue—the controlling issue in the case—we do not see how the court could have assumed to have directed a finding for defendant without usurping the province of the jury. It is true, the evidence preponderates in favor of defendant's contention that plaintiff stepped from the train while it was in motion and going at the rate of from four to six miles an hour. But a preponderance of evidence alone will not authorize this court to say that the peremptory instructions should have been given. There was substantial testimony that plaintiff was thrown from the coach by the sudden movement of the train.

Defendant in its argument assumes that the facts overwhelmingly established that the train was running at a speed of six or more miles an hour when plaintiff attempted to get off; that plaintiff admitted that the train was moving at some speed; and that he was warned not to get off as the train was moving. As has been already stated, the preponderance of the evidence was in defendant's favor, but it was denied by plaintiff that he was warned not to get off. And the statement of plaintiff in his last deposition that the train was moving at the time did not authorize the court to take such statement as conclusive against him, notwithstanding his former statement that he was thrown by a sudden jerk of the car. It was a question for the jury to say which of the two they believed.

[Ephland v. Railroad, 71 Mo. App. 597; 57 Mo. App. 162.]

The evidence was conflicting upon each of defendant's assumed facts and it is settled law that the court will not reverse a cause when the finding of the jury is supported by any substantial evidence, notwithstanding the preponderance of the evidence was greatly against such finding.

The petition is based upon the negligence of defendant's employees who are charged with the knowledge that plaintiff entered the train not as a passenger but for the purpose of assisting his daughter, who was such passenger, with her baggage; and that they knowingly authorized him to so enter, and that after he rendered such assistance, while attempting to get off, and before he could do so, they suddenly started said train, which had the effect to throw him upon the station platform, whereby he was greatly injured. The defendant by its answer put in issue the allegations of the petition, and further alleged contributory negligence in that the plaintiff attempted to alight from the train in an improper manner while it was moving at a rapid rate of speed. And upon the issues thus raised it asked instructions C and H which the court refused. The first was to the effect that notwithstanding defendant's employees in charge of the train knew that plaintiff was not a passenger, and that they did not hold such train long enough to allow him a reasonable length of time to get off, yet if the train was in motion before he attempted to alight, he was not entitled to recover. The latter was to the effect that if the train was running at a rate of speed equal to six miles per hour, he was not entitled to recover. In Fulks v. Railroad, 111 Mo. 335, the court held: "It was not negligence as a matter of law for a passenger to attempt to get on a slowly moving train, especially at a platform." And such was the holding in Schaefer v. Railroad, 128 Mo. 64. In Eikenberry v. Railroad, 103 Mo. App. 442, it

was held: "It is not negligence *per se* for a man of ordinary activity, thirty-eight years of age, to attempt to board a street car while turning a curve at the rate of five or six miles an hour." A similar ruling was made in a street car case in Dawson v. Transit Co., 102 Mo. App. 277. And if the train was "moving so slightly as to be almost imperceptible," it is a question for the jury to say whether it was such negligence as would preclude a recovery. [Clotworthy v. Railroad, 80 Mo. l. c. 220; Straus v. Railroad, 75 Mo. 185; Swigert v. Railroad, 75 Mo. l. c. 475.] In a later case, however, that of Neville v. Railroad, 158 Mo. l. c. 316, the opinion of the court seems to hold that, if the passenger was in the act of getting off and the train was *moving very slowly* he could not recover, for he took the risk of getting off a moving train without the direction or invitation of defendant's servants. But in the still later case of Peck v. Transit Co., 178 Mo. l. c. 627, the court held as formerly, "that it was not negligence *per se* for a passenger to attempt to board a car, or alight from it, while it is moving slowly; that whether under the circumstances of the given case it is negligence so to do, is a question for the jury.

But the plaintiff is not seeking to recover for injuries received while attempting to alight from a slowly moving train, but for the negligence of defendant in suddenly starting its train while he was in the act of alighting therefrom. Therefore, if it should appear that he attempted to get off the train while it was moving even slowly he was not entitled to recover. He must recover upon the cause of action as alleged which is that the car was not in motion when he attempted to alight, but it was suddenly started with a jerk that threw him off and caused his injury. The defendant seems to have adopted two different theories in asking said instructions C and H, viz.: One, that if the train was moving slowly, and the other, that if it was moving rapidly at the time plaintiff attempted to alight, he

ought not to recover.   The refusal of the court to give
the latter worked no prejudice if the former should
have been given, which we hold under the issues it
should have been.   [Peck v. Transit Co., supra.]

It is urged that the verdict of the jury is so clearly
against the evidence and the weight of the evidence that
it must have been the result of passion or prejudice.   In
Chitty v. Railroad, 148 Mo. 64, the verdict on its face
appeared excessive.   It was therefore held to be the
result of prejudice or passion.   For a similar reason
the cause was reversed in Kennedy v. Transit Co., 103
Mo. App. 1.   "Where the right of juries to pass upon
the credibility of witnesses and the weight of the evi-
dence is abused by them in arbitrarily disregarding
the uncontroverted evidence of witnesses, disinterested
and unimpeached either by their manner of testifying
or otherwise, the correction is to be found in the right
of the *nisi prius* judge to set aside the verdict on
proper motion and take the verdict of another jury,
or by the action of this court wherever it appears in
a case that the action of the jury is so clearly against
the weight of evidence that it must have been the result
of passion or prejudice."   [Hipsley v. Railroad, 88
Mo. 348.]   And in Caruth v. Richeson, 96 Mo. 186, the
court said:   "This court rarely interferes with the ver-
dict of a jury where there is any substantial evidence
to support it, though the trial court has a large dis-
cretion in the matter.   But in extreme cases this court
must and will interfere and that, too, whether the ver-
dict be for plaintiff or defendant."   And that, "while
different language is used in these cases in the state-
ment of the rule, it is safe to say that this court will
in no case interfere with the verdict for defendant on
the ground that it is against the evidence unless it ap-
pears to our satisfaction that the verdict was the re-
sult of corruption, prejudice or passion."

There is no complaint here that the verdict is ex-
cessive, nor does it appear that the jury disregarded

the evidence of uncontradicted, although impeached witnesses. The case, in our opinion, does not fall within the rule.

Reversed and remanded. All concur.