## GRADY v. ST. LOUIS TRANSIT CO.

### (Circuit Court of Appeals, Eighth Circuit.   April 5, 1909.)

### No. 2,514.

1. CARRIERS (§ 317*)—STREET RAILROADS—INJURIES TO PASSENGERS—ORDI-
NANCES.

Where, in an action for injuries to a street car passenger, plaintiff
claimed he was injured by the sudden starting of the car after it had
stopped to discharge passengers on the "near" crossing, while defendant
denied that the car stopped, claiming that it had only slackened speed
before crossing an intersecting track and was proceeding to the "far"
crossing in accordance with its rules when plaintiff endeavored to alight,
the court did not err in admitting certain city ordinances requiring that,
at all points where street railway tracks intersect or cross each other,
the car should be stopped immediately before crossing the same so as to
avoid danger or collision, and should be stopped to take or discharge pas-
sengers on the "far" side of the intersecting streets.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 317.*]

2. CARRIERS (§ 317*)—STREET RAILROADS—INJURIES TO PASSENGERS—ALIGHT-
ING FROM CARS—RULES.

Where, in an action for injuries to a street car passenger, defendant
claimed that he endeavored to alight at the "near" side of the street be-
fore the stopping place had been reached as the car slowed down before
crossing intersecting tracks, evidence of defendant's rules regulating the
crossing of other car lines at street intersections was admissible as some
evidence of reasonable care on defendant's part in the operation of its
cars.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1305; Dec. Dig.
§ 317.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

Where, in an action for injuries to a street car passenger while at-
tempting to alight, plaintiff's petition charged that the car stopped and
was standing still when he attempted to get off, and that before he could
do so the car started suddenly and threw him to the ground, and there
was no evidence that plaintiff was injured by the sudden increase of
speed or by a sudden jolt of the moving car, while he was attempting to
alight, a request to charge that if the car had slowed down, and while
plaintiff, having reasonable ground to believe that the car had stopped
or was about to stop, attempted to alight, when it started again, and in
so starting the car defendant's servants were negligent, plaintiff was
entitled to recover, was properly refused as not within the issues.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 251.*]

In Error to the Circuit Court of the United States for the Eastern
District of Missouri.

Ford W. Thompson (W. B. Thompson, on the brief), for plaintiff
in error.

Thomas M. Pierce (Boyle & Priest and G. T. Priest, on the brief),
for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and RINER, Dis-
trict Judge.

RINER, District Judge.   This was an action brought in the Circuit
Court by the plaintiff in error, hereafter called the "plaintiff," against

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant in error, hereafter called the "defendant," to recover damages for personal injuries in the sum of $35,000. The trial resulted in a verdict for the defendant. Plaintiff alleges in his petition: That on the 25th of April, 1904, he was a passenger on a street car operated by the defendant, on Olive street, in the city of Saint Louis; that said car was west bound; that he boarded the car at the corner of 18th and Olive streets, going west on Olive street to Vandeventer avenue, which intersects Olive street. He further alleges that when the car was stopped at Vandeventer avenue, and while passengers were leaving the car in front of him and plaintiff was awaiting his turn to leave the car, believing and having good and sufficient reason to believe that the car was stopped for the purpose of discharging passengers, and while he was in the act of alighting and was stepping down upon the street, and before he had been given a reasonable time to alight, defendant's servants in charge of the car negligently and carelessly caused the car to be suddenly started forward, thereby throwing plaintiff violently into the street, whereby he sustained the injuries for which he seeks to recover damages.

The defendant answered, first, by a general denial, and, second, alleged that whatever injuries the plaintiff sustained were caused by his own negligence, in carelessly and negligently attempting to alight from a moving car at a place other than a regular stopping place for the purpose of discharging passengers, and after having been warned by the conductor in charge of the car not to alight therefrom until the car should be stopped at a regular stopping place.

The plaintiff and some of his witnesses testified that the car stopped on the east side of Vandeventer avenue, while witnesses for the defendant, including the conductor and motorman, gave evidence: That the car did not stop, but merely slowed down; that the regular stopping place was on the west side of Vandeventer avenue; that the reason for slowing down on the east side of Vandeventer avenue was for the purpose of ascertaining, as they expressed it, "whether Vandeventer avenue was clear," there being a car line upon that street which the Olive street line crossed, at right angles. There was no evidence that there was any sudden increase in the speed or movement of the car while it was moving. The only evidence was that after the car had stopped, and while the plaintiff was in the act of alighting, the car started with a sudden jerk, and threw the plaintiff to the street.

The court instructed the jury that the law required of a common carrier the utmost practicable care and diligence in transporting passengers, and that it would be liable for the smallest carelessness, either upon its part or upon the part of its servants, if any injury resulted directly from such carelessness. The court further said to the jury:

"If, from all the evidence before you, you find and believe that the car in question came to a stop at or near the east side of Vandeventer avenue before proceeding westward and crossing that avenue, and remained stopped for a sufficient length of time to permit passengers to leave the car at that point, and that defendant's servants in charge and in control of the car saw passengers leaving the car at that point while said car was stopped, or by the exercise of that degree of care which they owed to passengers, as hereinbefore explained, might have seen the passengers who left the car, or who might with reasonable probability attempt to leave the car at that point

while the same was stopped, and that defendant's servants or agents either saw plaintiff leaving the car and in the act of departing therefrom, or by the exercise of the degree of care already mentioned could have seen him leaving the car or in the act of departing therefrom, and that by holding the car still and permitting the plaintiff to alight before starting the car forward plaintiff would not have been injured, and that they nevertheless started it forward, and that in so starting the defendant failed in its duty, and that as a direct result of the failure it caused plaintiff to be thrown to the street and suffer injury, you should find for the plaintiff, unless you find and believe that in so acting the plaintiff failed to exercise reasonable care on his part for his own safety."

Four errors are assigned:

First. That the court erred in admitting in evidence certain sections of the ordinances of the city of St. Louis, which contained the following provisions:

"At all points where the street railway track intersects or crosses other street railway tracks the car shall be stopped immediately before crossing the same, so as to avoid danger of collision," and "Street cars shall be stopped for taking or discharging passengers, as follows: * * * Those going westward shall stop on the west side of the intersecting streets."

We do not think it was error to admit these provisions of the ordinances. Jackson v. Grand Avenue Ry. Co., 118 Mo. 199, 24 S. W. 192. In that case the court said:

"The ordinance was admissible as the foundation of the rule adopted by the defendant that its cars should only stop at the far crossing to let off passengers for that crossing. The rule was in obedience to, and in harmony with, the ordinance. Moreover, it was admissible in connection with the testimony of plaintiff and the conductor that she notified him when she got on the car and paid her fare that she wanted to get off at Ninth street. In the absence of any subsequent notification of a change in her intention or desire to get off before reaching Ninth street, he might well presume she would wait till the car reached the place, fixed by the ordinance for its stopping at that junction; and it was also competent in connection with his evidence that the car did not stop, but merely slacked its speed while approaching the crossing. Defendant might fairly argue that, as the ordinance required the car to go to the farther side of the street, any stop on the south side would naturally be only momentary, and to get the signal, and not to let off passengers, as was testified by the conductor. We can see no impropriety in this evidence. We think it was proper to put all the circumstances before the jury."

It was also insisted under this assignment that the court erred in admitting evidence in regard to the rules of the defendant company regulating the crossing of other car lines at the intersection of streets. In Frizzell v. Omaha St. Ry. Co., 124 Fed. 176, 59 C. C. A. 382, where this exact question was involved, Judge Sanborn, speaking for this court, said:

"The adoption and enforcement of such a rule was certainly some evidence of reasonable care in the operation of all its cars across the streets of the city of Omaha, including the car upon which the plaintiff was riding. In view of this fact, the admission of the rule in evidence cannot be said to be error."

In that case the rule required defendant's employés to cross the street before stopping the car. In this case the testimony tends to show that the rule required the employés in charge of the car to have the car under control and to stop if there was danger of collision.

The second error complained of is the refusal of the court to give to the jury an instruction offered by the plaintiff, to the effect that if the jury found from the evidence that the plaintiff inquired of the conductor whether or not he was near his destination—

"and that the conductor replied that the next stop would be Vandeventer avenue, and that thereafter, without another stop, the car approached the east side of Vandeventer avenue, and, in so approaching Vandeventer avenue, slowed down to a very slow rate of speed, and either stopped still or nearly came to a stop on said east side of Vandeventer avenue, and that at such time and place plaintiff believed, and under all circumstances had reasonable ground to believe, that said car had stopped, or was about to stop to discharge and let off passengers desiring to leave said car at Vandeventer avenue, and that plaintiff thereupon proceeded to leave said car, and in so leaving the said car exercised such a degree of care and caution as reasonably prudent and careful persons of ordinary intelligence may reasonably be expected to make use of under like circumstances, and that, while so leaving and departing from said car, defendant's servants in charge of said car caused said car to be started forward, and that under all the facts and circumstances detailed in evidence you believe that in so starting said car forward defendant's servants failed to exercise the very highest degree of care which may reasonably be expected of prudent and cautious men under like circumstances, and that as direct result of their failure so to do plaintiff was thrown from said car and injured, you will find for the plaintiff."

This instruction was properly refused because no such issue was presented or tried.

Plaintiff charged in his petition that the car stopped, that while it was standing still he attempted to alight, and that before he could do so the car was started with a sudden jerk and threw him to the ground. The court properly limited its instructions to the issues as made by the pleadings and disclosed by the evidence. There is no other evidence tending to show that the plaintiff was injured by the sudden increase of speed or by a sudden jolt or movement of a moving car while he was in the act of alighting. The allegation in the petition and his testimony is that the car had stopped still at the time he attempted to alight. This was denied by the defendant, and the defendant offered testimony to show that the car merely slowed down and did not stop. And as was said by Judge Sanborn in Frizzell v. Omaha St. Ry. Co., supra:

"Instructions to the jury should be limited to the facts of the case on trial, and to the rules of law which apply to those facts, and which govern the real issues they present, and neither theories which there is no evidence to sustain, nor rules of law which are inapplicable to the evidence actually presented, should be embodied in the charge of the court."

The view we have taken of the question presented by the second assignment of error renders it unnecessary to discuss the third and fourth assignments.

We think the charge of the court fairly presented to the jury the issues in the case and properly stated the rules of law applicable thereto, and that there was no reversible error in the trial of the case.

The judgment of the Circuit Court is affirmed.