REBECCA HASKELL, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 22, 1912.

1. **NEGLIGENCE: Street Railways.** Plaintiff sued for injuries received when thrown from an electric street car as she was about to alight therefrom, at a public cross street, by the sudden forward movement of the car. The car did not come to a full stop, but was barely moving when the forward lurch occurred. She stood on the rear platform with her right hand holding to a perpendicular rod separating the entrance and exit passages when the car, in obedience to the conductor's signal, started with a violent jerk, throwing her to the ground. *Held*, that the issues of fact raised by the evidence were for the jury to solve.

2. ———: ———: Instructions. The cause pleaded was based on the sudden starting of a slowly moving car and it was not negligence *per se* to attempt to alight from a car in motion

unless it was going so fast that an ordinarily prudent person would not attempt to do so, and an instruction that told the jury to find for defendant, if they found that plaintiff attempted to alight before it had stopped, was erroneous.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*John H. Lucas* and *James E. Nugent* for appellant.

The verdict in this case was for the right party. R. S. Mo. 1909, sec. 2082; Bassett v. Glover, 66 Mo. 388; Fairbanks v. Long, 91 Mo. 628; Bushey v. Glenn, 107 Mo. 331; Henry v. Railway, 133 Mo. 526; Burns v. City, 131 Mo. 372; Carr v. Railway, 195 Mo. 224; Wabash v. Sloof, 202 Mo. 198; Quinn v. Railway, 218 Mo. 545.

*E. G. Gantt* and *Charles M. Miller* for respondent.

Respondent moves the court to dismiss this appeal for the reason that the abstract of record does not show that a sufficient affidavit for appeal was filed. Shemwell v. McKinney, 214 Mo. 692; Wright v. Seiffle, 214 Mo. 694; Greenwood v. Parlin, 98 Mo. App. 407; Schested v. Kansas City, 68 S. W. 1068; Harding v. Bedoll, 202 Mo. 625. The court sustained respondent's motion for a new trial for the reason "that the court committed error in giving the instructions for defendant." By reference to respondent's petition, the court will observe the negligence on which this case is predicated. The allegations of the petition were proven, *in toto,* by the evidence on behalf of respondent, and these instructions did not properly declare the law applicable to this case. Hurley v. Street Car

Co., 120 Mo. App. 262; Green v. Railroad, 122 Mo. App. 647; Bond v. Railroad, 122 Mo. App. 207.

JOHNSON, J.—Plaintiff sustained personal injuries while she was alighting from a street car on which she was a passenger and claims in her petition that her injuries were caused by negligence of defendant in suddenly starting the car with sufficient violence to throw her to the pavement from the rear platform. The petition alleges "that on or about the fifteenth day of May, 1909, at about nine o'clock p. m. of said day she paid her fare and was a passenger riding on one of defendant's street cars, which was at the time being operated by the defendant on Fifteenth street in Kansas City, Missouri; that when said car had passed on and over Fifteenth street at the intersection of Kensington avenue, a public street, the motorman and conductor, who were the agents and servants of the defendant in charge of said car, were duly notified that plaintiff desired to get off the car at the usual stopping place on Fifteenth street at the intersection of Cypress avenue, a public street, where it was the duty of defendant to stop its car; that the usual signal was given in ample time for said stop to have been made by the exercise of ordinary care and diligence, but the defendant, through its servants and agents in charge of said car, carelessly and negligently failed and neglected to stop the car as it was its duty to do at said stopping place, and while the car was slowly moving at or about the said usual stopping place the conductor in charge of the car carelessly and negligently told and instructed the plaintiff to get off the car, and plaintiff, believing the car had stopped, or was in the act of stopping, proceeded to get off the car, and while she was in the act of alighting from the car, the car was carelessly and negligently started forward with a sudden, unusual and violent jerk thereby throwing

Haskell v. Railroad.

the plaintiff to the pavement and severely injuring her.''

The answer is a general denial and a plea of contributory negligence. The trial of the cause resulted in a verdict for defendant but afterward the court sustained plaintiff's motion for a new trial on the ground ''that the court committed an error in giving the instructions for defendant.'' The cause is before us on the appeal of defendant from the order granting plaintiff a new trial.

The court overruled the peremptory instructions offered by defendant both at the close of plaintiff's evidence and at the close of all the evidence, and it is argued with much earnestness by counsel for defendant that these instructions should have been given. We think the evidence of plaintiff presented a case for the jury.

Plaintiff had just arrived in Kansas City on a visit to relatives. She had been met at the Union Station by her brother and sister and the three had become passengers on an eastbound car on the Fifteenth street line. They desired to alight at Cypress avenue and, according to the evidence of plaintiff, they signaled the conductor and he, in turn, signaled the motorman to stop at that street. The car ran a short distance beyond the regular stopping place but slowed down in obedience to the signal. Plaintiff's brother, who carried her hand baggage, alighted while the car was reducing speed. Plaintiff and her sister arose from their seats and went to the rear platform, plaintiff leading the way. When she reached the door into the vestibule, the conductor requested her to hurry and get off. She stepped to the platform and paused an instant for the car to come to a complete stop. The car was of the ''pay as you enter'' type and its entrance and exit passages were separated by a perpendicular iron rod. Plaintiff stood with her right hand

holding this rod and was on the point of stepping down from the platform when the car, in obedience to a signal from the conductor, started forward with a violent jerk, throwing plaintiff to the pavement and injuring her. There is evidence to the effect that the car had almost stopped, was barely moving, when the forward lurch occurred; other evidence gives its speed at the rate of an ordinary walk. All of the witnesses agree that the car did not come to a full stop.

The evidence of defendant tends to show that plaintiff and her sister, absorbed in conversation, did not leave their seats until after the car had passed the regular stopping place at Cypress avenue, and that they walked to the rear vestibule talking to each other and that plaintiff stepped off the running car in the middle of the block, before the conductor realized what she was doing. Defendant's version of the injury is supported by the greater number of witnesses, many of whom appear to be wholly disinterested, while plaintiff's account of her mishap rests entirely on the testimony of herself, her brother and sister.

We find, however, that the evidence of plaintiff is substantial enough to raise issues of fact for the jury to solve. We do not entertain the view of defendant that it is overthrown by conceded physical facts. This view is based on the facts that plaintiff fell on the left side of her body and towards the direction the car was going. But she was holding to a support with her right hand when the jerk came and it was possible and likely that the direction and manner of her fall were influenced by the resistance of her handhold. The demurrer to the evidence was properly overruled.

In the instructions given at the request of defendant the jury were told that "it was the duty of plaintiff to wait until the car stopped before attemping to alight therefrom, and this is true even though you

may also believe and find that the conductor may have said to plaintiff 'hurry lady' or words to that effect, and if the conductor did make such a statement to plaintiff it was still her duty to make no attempt to alight from the car until it had stopped; and if you find from the evidence that plaintiff attempted to get off the car before it had stopped and while it was in motion and was thereby thrown down and injured, then your verdict must be for the defendant.''

Among the inferences the jury were entitled to draw from all the evidence was the one that plaintiff had just started to alight from a car moving so slowly that its motion could not have added any danger to her attempt when the sudden forward jerk occurred. Even on that hypothesis of fact the instruction from which we have quoted compelled a verdict for defendant and, since the fact is conceded that the car was moving when plaintiff attempted to alight, amounted to a peremptory direction to find for defendant.

The error is manifest as is also its prejudicial character. The petition pleaded a cause based on the sudden starting of a slowly moving car and it was not negligence *per se* for plaintiff to attempt to alight from a car in motion unless the car was going so fast that the risk involved was so great that an ordinarily careful and prudent person would not have accepted it. The rule in this state is, "though some risk be taken by a person who attempts to board or step from a moving car, it is well settled that such act is not necessarily dangerous. [Bond v. Railroad, 110 Mo. App. 131; Peck v. Transit Co., 178 Mo. 617; Newcomb v. Railroad, 182 Mo. 687; Eikenberry v. Transit Co., 103 Mo. App. 442.] Except where the risk involved in the act appears to be so great that obviously an ordinarily prudent person would not incur it, the question of the negligence of the actor is one of fact to be determined by the jury.'' [Green v. Railway,

122 Mo. App. 647; Hurley v. Railway, 120 Mo. App 262; Bond v. Railway, 122 Mo. App. 207.]

The learned trial judge did not err in granting a new trial and it follows that the judgment must be affirmed. All concur.