## No. 8805.

## DENVER TRAMWAY COMPANY *v.* JOHNSON.

1. NEGLIGENCE—*Attempt to Alight from a Moving Car* is not, *per se.* The question depends upon the attending circumstances. Plaintiff recovers only upon proof of some unusual or unnecessary acceleration of speed, causing the injury complained of.

2. *Attempt to Alight from a Standing Car.* Plaintiff recovers only upon proof that sufficient time was not allowed him.

3. *Pleading and Evidence.* · Allegation of an attempt to alight from a moving car, and proof that the car was standing, or *vice versa,* constitutes a variance.

4. PLEADING—*Amendment—Variance.* An amendment which fails to conform to the evidence is properly rejected.

*Error to Denver District Court, Hon. George W. Allen, Judge.*

Mr. GERALD HUGHES and Mr. HOWARD S. ROBERTSON, Mr. W. G. TEMPLE, for plaintiff in error.

Mr. WILLIAM H. GARWOOD, Mr. OMER E. GARWOOD, Mr. JACOB V. SCHAETZEL and Mr. GEORGE O. MARRS, for defendant in error.

ACTION by defendant in error (plaintiff below and hereinafter so designated) against plaintiff in error (defendant below and hereinafter so designated) for injuries received in alighting from one of the defendant's street cars in the city of Denver December 23, 1914. Plaintiff claimed damages in the sum of $3,095.00. The cause was tried in the District Court of the City and County of Denver October 6, 1915. Verdict for plaintiff in the sum of $450.00. Motion for a new trial filed, and overruled November 1, 1915. Judgment entered against the defendant on the verdict, and the cause comes to this court for review on error.

Plaintiff alleged in his complaint that as the car in which he was riding approached a regular stopping place the motorman "slowed down the car for the purpose of making the usual stop," and "while said car was slowing down

and being brought to a stop" he "moved from his seat to
the platform or steps of said car, and while waiting there
on the step to alight the operatives in charge of said car
suddenly, and without warning, started the same with a
sudden and extraordinary jerk, and at an unusual rate of
speed, and as a direct result thereof plaintiff was jerked
from said car and thrown upon the pavement and received
the injuries" complained of.  Further, that "the injuries so
sustained by the plaintiff were brought about wholly by
reason of the negligence, carelessness, omission of duty,
and want of care of the defendant company and its opera-
tives in charge of said street car, in each, all, every and
singular of the following particulars, to-wit:

"(a)  The defendant company's motorman then and
there in charge of said street car negligently and carelessly
operated the same in such manner as to endanger the safety
of the plaintiff, by suddenly accelerating the speed of its
said car in such manner as to jerk the plaintiff therefrom."

The defendant denied negligence and charged plaintiff
with contributory negligence, especially "in negligently and
carelessly alighting, or attempting to alight, from a moving
car, when the pavement at said place was in a slippery and
icy condition."

Contributory negligence is denied in the replication.

Prior to bringing suit plaintiff made written claim on
the defendant on its blank form (Exhibit A), in which he
states that there was no unusual jerk, that the "car started
to leave the stopping place  *  *  *  just started and
then stopped."  "I got down on the steps, and just as I
went to step to the street, the car started up, and I was
thrown.  I am positive the car was standing when I went
to alight."

Plaintiff testified that the street was covered with ice and
slippery; that he waited until the car came to a full stop
before he started to step off.  "As I was stepping off, the
car suddenly started, and it unbalanced me and I fell back-
wards."  "The car seemed to stop quickly."

Plaintiff was corroborated by the witness Miller, who testified: "The car came to a stop just for an instant, then started up again, and then stopped short. It only moved a foot or two, or maybe three feet."

At the close of plaintiff's case the defendant moved for a non-suit for variance between the allegations and the proof. The motion was overruled by the court, and plaintiff moved to amend paragraph "(a)" of his complaint, hereinbefore set out, to read as follows:

"(a) The defendant company's motorman then and there in charge of said street car, *after bringing said car to a complete, or nearly complete stop,* negligently and carelessly operated the same in such manner as to endanger the safety of the plaintiff by suddenly accelerating the speed of its said car, *while plaintiff was in the act of alighting,* in such manner as to jerk the plaintiff therefrom." (The amendment being by the interlineation of the words underscored.)

Defendant objected to the amendment, first, upon the ground that it did not comply with the proof; second, that it was an attempt to change a cause of action; third, that it was a mere amplification. This objection was sustained.

Defendant's witnesses testified that Johnson "stepped off the car as it was slowing down, slipped and fell on the ice." "There was no jerk or jar." "It came to a stop in the ordinary way." "When Johnson got off, the car was going perhaps four miles an hour, or perhaps a little less." "The car had not quite come to a stop, but moved only a few feet." "The car was just barely creeping along."

It will be observed that the disputed facts may be thus stated:

Plaintiff's evidence shows the car stopped for an instant, started up again as Johnson was stepping off, moved about two or three feet, throwing him to the street, and again stopped.

Defendant's evidence shows that the car had slowed down until it was barely creeping along, at which time

Johnson attempted to alight and fell on the icy pavement.

There are sixteen assignments of error, but the only questions necessary here to be considered relate to the contentions of the defendant that there was a variance between plaintiff's pleadings and his proof, and that the cause, as submitted to the jury, could not stand upon the theory of either; that, while plaintiff's complaint alleged that he was thrown while attempting to alight from a moving car, his evidence showed an attempt to alight from a standing car; that there was no evidence that if plaintiff were in fact attempting to alight from a moving car defendant was guilty of any negligence upon which a recovery could be based.

If defendant's contention is correct, there was a variance between the pleading and proof, and, if not cured by amendment, defendant's motion for a non-suit should be sustained. If there was such a variance, that while defendant was not misled to its detriment, still a different rule would be applicable to the cause plead and the cause proven, then plaintiff should tender an amendment which would admit of the proper application of these rules and a correct instruction to the jury under them. If he tendered an amendment which did not meet this requirement, it was open to the objection made to it by the defendant, and the trial court was correct in sustaining the objection.

The difference between a standing car and one barely creeping is not such a variance between the pleading and proof as could mislead the defendant on the trial, when, as in this case, it had prior information (through the written statement of the plaintiff) of his claim of an attempt to alight from a standing car.

The attempt of a passenger to alight from a moving car is not negligence *per se.* Whether or not such an attempt is negligence depends upon the surrounding facts and circumstances. But in the case of an attempt to alight from a moving car, the basis of plaintiff's recovery must be some unusual and unnecessary jerk or jar or acceleration of

speed which caused the injury; whereas if the attempt were made to alight from a standing car, plaintiff could only recover upon the theory that a reasonable time was not given in which to do so. Because of this difference in the rule applicable to an attempt to alight from a moving car, and an attempt to alight from a standing car, the allegation of one and the proof of the other constitutes a variance, and a recovery under such circumstances can not be had. *Elkton Con. M. & M. Co. v. Sullivan,* 41 Colo. 241, 92 Pac. 679; *Bond v. C., B. & Q. Ry. Co.,* 110 Mo. App. 131, 84 S. W. 124; *Behen v. St. Louis Transit Co.,* 186 Mo. 430, 85 S. W. 346-350; *Grady v. St. Louis Transit Co.,* 169 Fed. 400, 94 C. C. A. 622.

There being no evidence on the part of either plaintiff or defendant that there was any unusual jolt, jar or sudden change in the motion of the car, there is no evidence upon which plaintiff could recover if, in fact, he was attempting to alight from a moving car. Plaintiff's evidence all showed an attempt to alight from a standing car which was started before a reasonable time had been allowed him to do so. This was a state of facts not plead, and required the application of a different rule than the facts which were plead.

The amendment tendered by plaintiff did not remedy this variance. It was properly excluded by the court.

We have here, then the allegation of an attempt to alight from a moving car, with no evidence of any act or neglect on the part of the defendant which would constitute negligence under such circumstances. We have evidence of an attempt to alight from a standing car and such a starting thereof as would make the company liable for the injury occasioned (if any), but no plea of such facts.

If we presume the verdict was upon the facts pleaded, there is no evidence in support of it. If we presume it was upon the evidence adduced by the plaintiff, there is no pleading on which it can rest.

The judgment of the trial court is reversed and the cause remanded for further proceedings in harmony herewith.

Garrigues, C. J., and Teller, J., concur.