## SMITH v. PHILADELPHIA & R. R. CO.

(Circuit Court, D. New Jersey. September 26, 1893.)

DAMAGES—EXCESSIVE VERDICT.

In an action to recover damages for erecting and maintaining an embankment across a living stream, thereby throwing back the waters upon plaintiff's land to its injury, where the embankment has been maintained for 18 years, and the recovery is limited by the statute to the last 6 years, the jury should award nothing for the damage caused by the first 12 years, and a verdict is excessive which apparently includes the entire damage.

At Law. Action by Abraham Smith against the Philadelphia & Reading Railroad Company to recover damages alleged to have been caused to plaintiff's land. There was a verdict for plaintiff, and defendant moves for a new trial. Granted, unless verdict is in part remitted.

R. V. Lindabury, for plaintiff.
John R. Emery and Samuel H. Grey, for defendant.

GREEN, District Judge. This is an action to recover damages alleged to have been caused to the plaintiff's farm by the construction and maintenance of an embankment crossing a living stream, and what was termed a "freshet-water channel," thereby penning back the water upon the land of the plaintiff, causing it to become wet, boggy, and sour, and washed away in places. The jury returned a verdict in favor of the plaintiff for $3,201.84, whereupon a motion was made for a new trial.

A close examination of the evidence satisfies me that a verdict against the defendant ought to be maintained. I think the weight of testimony is clear that the embankment in question not only

absolutely stopped the flow of a living stream of water, causing it to dam back upon the plaintiff's land, rendering it boggy and marshy in places, but as well interfered with the usual flow of the water as it passed across the farm of the plaintiff in times of freshet, changing it in its course almost at right angles, and causing an action of the water which apparently inflicted damage upon the soil. But the verdict in this case, in my opinion, is excessive. The embankment in question was built in 1872. No suit was commenced for damages until 18 years thereafter. By force of the statute of limitation, such suit could only be for such damage as was inflicted between 1884 and 1890, when the suit was commenced; in other words, for the six years antecedent to the date of the writ. It is perfectly clear that the action of the embankment upon the water, both of the living stream and the waters of the river in times of freshet, must practically be constant; hence it is evident that during the 12 years from 1872 to 1884, if, as this jury found, the embankment is the cause of the damage, the land of the plaintiff must have been subject to its deleterious influence, and have been rendered year by year less and less valuable. Yet, for all that damage then inflicted the plaintiff is not entitled to recover. Possibly during the six years covered by this suit the evidences of damage might have become more patent. The soil had become gradually water-soaked and boggy and marshy, and would make less resistance to the movement of the freshet water as it swept across its surface, and more readily give way and be carried off; hence the damage would seem to be greater because it became more visible, when in point of fact its visibility was due to the damage done during all the 12 years previous.

The jury were sent to view the premises on the application of both parties, and saw the land in its present condition. It was undoubtedly an almost insuperable task to guard their minds from the effect of the damages visible on the premises as they saw it. In fact, I may frankly say that I do not see how, from the testimony in the cause, they could fix definitely any sum that would exactly measure the injury inflicted upon the land [subjected to the damaging effect of the water for so many years previously] for and during the term of six years which this suit covers. The amount of their verdict satisfies me that they gave practically the whole amount of the present damage. This, of course, is greatly in excess of the amount which should have been awarded. I have found a very great difficulty in reaching a conclusion as to what would be considered a fair compensation, but, after careful consideration, I have concluded to sustain a verdict for $600, and, if the plaintiff is willing to reduce the verdict to that amount, it may stand; otherwise, there must be a new trial granted, because of the excessive damages awarded.