## Consolidated Coal Company v. George F. Savitz.

1. MINES—*Side Tracks as Appurtenances.*—A side track which is an appurtenance in fact to a mine will pass to a lessee as a necessary part of the demised premises under a lease of the mine, although not specifically mentioned in the demise.

2. APPURTENANCES—*When They Pass with a Lease.*—That which is in fact an appurtenance to premises which are the subject of a lease, will pass with the demise without the use of terms specially describing them in the lease.

3. WASTE—*What is Permissive.*—Permissive waste consists in the mere neglect or omission to do what will prevent injury; as, to suffer a house to go to decay for want of repairs.

4. SAME—*What is Voluntary.*—Voluntary waste consists in the commission of some destructive act, as, pulling down a house.

5. SAME—*Responsibility of the Tenant.*—Unless exempted by the terms of his lease from responsibility for waste, a tenant for life or for years is responsible for waste done or committed upon the demised premises.

**Memorandum.**—Action on the case for waste. · In the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding; declaration in case; plea, not guilty; trial by the court; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1894, and reversed; rehearing granted at the August term, 1894, and affirmed. Opinion on rehearing filed March 23, 1895.

CHARLES W. THOMAS, attorney for appellant. ·

APPELLEE'S BRIEF, JOHN G. IRWIN, ATTORNEY.

We understand it to be the law that in the absence of an agreement expressly relieving the tenant from responsibility for waste committed during the term, he is liable, whether it be done by himself or by a stranger. Am. & Eng. Enc. of L., Vol. 12, p. 714.

If a stranger enters and commits waste, the tenant will still be liable to an action for that waste by his landlord, and will be left to his remedy over against the stranger. Taylor on Landlord & T., Sec. 176; Cook v. Champlain Tr. Co., 1 Denio 91; Rolle's Abridgment, 551; Symonds v. Swinburne, Cro. Car. 325; 3 Levy 209; Wait's Actions and Defenses, Vol. 7, p. 242; Id., Vol. 4, p. 274.

It is competent for lessors, if they see fit, to grant leases exempting tenants from responsibility for waste, or, as it is commonly expressed, "without impeachment of waste." But unless a clause to this effect is inserted, tenants for life or years are responsible for waste done or permitted upon the demised premises." Wash. on Real Prop., Vol. 1, p. 137 Black. Comm., Vol. 2, p. 283.

An action in the nature of waste will lie against a lessee of a mine for an injury to the reversion by the removal of a barrier between it and adjoining mine, although covenant might also lie. Am. & Eng. Enc. of L., Vol. 4, p. 465.

Consolidated Coal Co. v. Savitz.

The contention is that the side track was not "appurtenant" to the mine. It is certainly well settled that whatever is properly appurtenant to the principal thing granted, passes with it. An appurtenance is a right connected with the enjoyment or use of another thing as principal; also, the thing itself, out of which the right grows as an incident." Anderson's Law Dict., Tit. "Appurtenance."

"A grant of a thing will include whatever the grantor had power to convey, which is reasonably necessary to the enjoyment of the thing granted." Wash. on Real Prop., Vol. 3, p. 341; Thomas v. Wiggers, 41 Ill. 480.

Among the things to which the term "appurtenant" or "appurtenance" is applied are easements or servitudes used and enjoyed with the lands for whose benefit they are created. Washburn on Real Prop., Vol. 3, p. 341.

OPINION ON REHEARING BY MR. JUSTICE SCOFIELD.

A rehearing having been granted in this case, some of the questions involved have been re-argued, and the case has been thoroughly re-investigated by this court, with a view to the proper final disposition of it under the law and the evidence. We have no pride of opinion moving us to an adherence to an erroneous impression of the law, or to an unjustifiable view of the facts. We desire to do justice between the parties, and are glad of an opportunity to correct any mistake which may have been made in our former consideration of the case. And so, without any prefatory remarks of an apologetic nature, we desire to state plainly that we are satisfied that the views of the law announced in the opinion heretofore filed herein are untenable, and that the judgment of the trial court should be affirmed.

The following language occurs in the said opinion: " Does the lease include the side track? If so, the judgment should be affirmed; but if not, the court erred in refusing to hold certain propositions of law and in rendering judgment for appellee, and the judgment must be reversed."

We deem it unnecessary to restate the facts so far as they are set forth in said opinion. That opinion, with this com-

mentary upon it, will be printed and can be readily referred to by any one who may be desirous of enlightenment concerning the facts.

It will be observed that we did not hold that the side track in question was not an appurtenance in fact, but so construed the lease as to make the specific terms of the demise exclude the side track from the operation of the instrument.

In this construction of the lease, we were in error. The Union mine was leased, and this, of itself, was sufficient to pass whatever was appurtenant to the mine and necessary to the proper use and enjoyment thereof. That the side track was built for use in connection with the mine, and for no other purpose, is beyond dispute. The mine itself, without a side track to furnish facilities for the transportation of coal, would be practically valueless, and no man in his senses would have any use for it while in that condition. The evidence shows that appellee took possession of the side track, as well as the mine, under the lease of the premises. Under such circumstances, the side track was such an appurtenance as passed with the lease of the mine, as a necessary part thereof, even without the use of the word appurtenances in the lease. That this side track was an appurtenance is shown by such cases as Thomas v. Wiggers, 41 Ill. 470, and Koelle et al. v. Knecht et al., 99 Id. 396.

That such an appurtenance will pass with the demise of that to which it is appurtenant, without the use of the particular word, is shown by the case of Morrison et al. v. King et al., 62 Ill. 30, in which the law as thus laid down is supported by such authorities as Coke upon Littleton and Kent's Commentaries. Authorities to the same effect are cited in Thomas v. Wiggers, *supra.*

We are of the opinion, therefore, that the lease of the Union mine included the side track as an appurtenance thereto.

Appellant contends now, however, as was contended originally, that the tenant is not liable for permissive waste if the injury was permitted by a stranger and trespasser, and there was no covenant on the part of the tenant to

Consolidated Coal Co. v. Savitz.

repair, and refers to Taylor on Landlord and Tenant, Sec. 689, as an authority in support of that assertion. But the same author, in Sec. 178 of his book, says: "If a stranger enters and commits waste, the tenant will still be liable to an action for that waste by his landlord, and will be left to his remedy over against the stranger." The statements in these two sections are irreconcilable, if permissive waste means suffering a stranger to tear down a house on the premises, or to take up and remove a side track appurtenant thereto. But if such acts on the part of a stranger are voluntary waste for which the tenant is liable as if he had committed the deeds personally, then the two sections may be readily harmonized.

Permissive waste consists in the mere neglect or omission to do what will prevent injury, as, to suffer a house to go to decay for want of repairs; and voluntary waste consists in the commission of some destructive act, as, pulling down a house, or plowing up a flower garden. Bouvier's Law Dictionary, Art. Waste. Under the head of voluntary waste, in the same article, Bouvier says: "In general a tenant is answerable for waste, although it is committed by a stranger; for he is the custodian of the property, and must take his remedy over." This statement, taken in its connection with the remainder of the article, shows that the destructive act of a stranger constitutes voluntary waste, for which the tenant is answerable.

In 1 Washburn on Real Property, marginal page 117, it is said : " And it is still competent for lessors, if they see fit, to grant leases exempting tenants from the responsibility for waste, or as it is commonly expressed, without impeachment of waste. But unless a clause to this effect is inserted, tenants for life or years are responsible for waste done or committed upon the demised premises." To the same effect is 2 Black. Com. 283.

It is only necessary to add that the case at bar is not an action on the covenants of the lease, but an action on the case for waste. We think that appellant's liability is established by the evidence and we have found no prejudicial error in the record. The judgment is affirmed.

ORIGINAL OPINION OF THE COURT, ALSO BY MR. JUSTICE SCOFIELD.

On March 14, 1891, appellee leased to appellant for two years, beginning April 1, 1891, all the coal and other minerals underlying that portion of the south half of a certain quarter section of land then owned by appellee, together with the right to mine, remove and dispose of the same, and also the right to use the coal mine on said premises called Union mine, "together with all buildings, air shafts, machinery, mine boxes, tools, supplies and appliances thereto belonging or appertaining." The lease also included the use of five acres of the surface of the land therein described, adjacent to the main and air shafts, to be selected by the lessee, not including, however, a certain roadway between the engine house and the shaft, and extending along the side of the switch, which roadway was to be kept open for the proper conduct of mining operations. It was provided in the case that, at the expiration of the term, the lessee should deliver to the lessor peaceable possession of the buildings, machinery and other personal property leased, and return the same in as good condition as when received, " reasonable wear and tear, acts of God, and unavoidable accidents excepted." The Ohio and Mississippi railway runs over the land above described, and has for many years. In 1887, a side track was made by the railway company at or near the Union mine for the use of appellee in shipping coal. This side track was mostly, if not wholly, on the right of way, as nearly as the fact can be ascertained from the evidence, and cost more than $500, the total cost thereof having been paid by appellee upon the presentation of a bill for the same by the railway company. Before the making of the lease to appellant, appellee had given the railway company permission to remove the connection between the side track and the main track, and this power had been exercised on one or two occasions.

In November, 1892, the mine was not being operated and the railway company removed the whole side track, except the ties and outer spikes. Since that time the company has

laid an inferior grade of iron on the greater part of the side track bed, thus shortening the side track at the farther end and leaving the same unconnected with the main track by a space of about fifty-three feet. The railway company's officers aver their readiness to connect the side track with the main track whenever the mine is ready to be worked, and allege the danger of accidents arising from the connection as a reason for not putting in the switch sooner.

Appellee sued appellant in case for waste. There was a trial by the court without a jury. The court refused to hold any of certain propositions of law presented by appellant, and rendered judgment for appellee for $500 damages. The questions presented on this appeal may be disposed of by a construction of the lease. Does the lease include the side track? If so the judgment should be affirmed; but if not, the court erred in refusing to hold certain propositions of law, and in rendering judgment for appellee, and the judgment must be reversed.

Whatever the general rule of law as to appurtenances may be, it is manifest from the terms of the lease that the parties thereto undertook to specify everything which they intended to be included within the meaning of that word. This being true, the language of the lease must control, and only the property specified be held to pass to the lessee. The language is as follows: "The Union mine, together with all buildings, air shafts, machinery, mine boxes, tools, supplies and appliances thereto belonging or appertaining." When the word appurtenances is mentioned afterward in the lease, it is with this qualification: "Appurtenances as hereinbefore described." The agreement to deliver possession expressly relates to the "buildings, machinery and other personal property herein leased." Undoubtedly the side track does not come under the head of buildings, air shafts, machinery, mine boxes, tools or supplies. The only word remaining is "appliances," which is defined by Webster as follows: "The thing applied or used; as, to use various appliances; a machine with its appliances." With this definition in mind, how can it be contended that the side track

is an appliance of or to the mine? The word means something applied or used directly in the operation of the mine, and not a side track, which is only a convenient means for transporting coal to market. If it should be said that the mine would be valueless without the side track, it may be answered that the mine would be valueless without the railroad itself, and yet if appellee had owned the railroad he could hardly be held to have transferred it by any word or phrase contained in the lease under consideration. The parties having undertaken to define the word appurtenances as used in the lease, we need not consider what might have passed by the lease without such a definition.

Inasmuch as the lease did not cover the side track, appellant was not guilty of waste in passively permitting its removal, and appellee's remedy, if any he has, is against the railway company. Under this construction of the lease, the court erred in refusing to hold the second and fourth propositions of law submitted by appellant, and in rendering judgment for appellee.

The judgment is reversed, but the cause is not remanded.