HIMROD v. FT. PITT MINING & MILLING CO.†

(Circuit Court of Appeals, Eighth Circuit. December 16, 1912.)

No. 3,721.

*(Syllabus by the Court.)*

**1. LIMITATION OF ACTIONS (§ 183*)—CONTINUING TRESPASS—PLEA OF STATUTE TO ENTIRE COMPLAINT GOOD TO PART THOUGH BAD AS TO PART.**

In an action for damages for continuing trespasses, a plea that they were not committed within the time limited by statute is sufficient to invoke the bar of the statute against those committed without the time limit, and there can be no recovery on their account, although some of the trespasses charged were within the time, and damages therefor are recoverable.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 683–692; Dec. Dig. § 183.*]

**2. TRIAL (§ 45*)—EXCLUSION OF EVIDENCE—NECESSITY OF OFFER.**

If a question is in proper form and clearly admits of an answer relevant to the issues and favorable to the party who propounds it, its exclusion is error, although no offer to prove the fact sought to be established is made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 110–114; Dec. Dig. § 45.*]

In Error to the Circuit Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the Ft. Pitt Mining & Milling Company against Fred E. Himrod. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied February 26, 1913.

Charles C. Parsons, of Salt Lake City, Utah, and F. L. Collom, of Idaho Springs, Colo., for plaintiff in error.

Caldwell Martin, of Denver, Colo. (Charles W. Waterman, of Denver, Colo., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. On March 28, 1908, the Ft. Pitt Mining & Milling Company brought an action against Fred E. Himrod for $30,000 and recovered a judgment for $5,000. For its cause of action the Mining Company alleged that on the 1st day of March, A. D. 1903, and "at other times prior and subsequent thereto," Himrod had "willfully and maliciously entered" upon its Oneida Lode without its permission, had dumped thereon waste material he had taken from their property, had thereby "covered up, filled and entirely destroyed" the tunnels, drifts, adits, shafts, winzes, stopes, and workings on and in that lode, and "by his said acts and continuing trespasses" had injured the plaintiff and its property in excess of $30,000. Himrod answered: (1) That he had never entered or dumped waste material on the Oneida Lode willfully or maliciously, or without the permission of the Mining Company; (2) that the acts of which complaint was made were done by him with leave of the plaintiff; and (3) that "the cause of action set forth in said plaintiff's complaint did not accrue within six years before the commencement of the action." The statutes of Colorado provided that all actions for waste and trespass on lands should be commenced within six years after the cause of action should accrue and not otherwise. Mills' Ann. Stat. of Colorado 1891, § 2900. There was evidence that in 1894 Himrod entered level No. 2, whereon was the Lamartine tunnel which had been driven in the Oneida Lode 540 feet by the plaintiff, drove it 360 feet farther within that lode and several thousand feet beyond that lode until it reached the Lamartine mines in which the defendant was a part owner, and that then and thereafter he worked these mines through this tunnel, that between his entry upon the tunnel in 1894 and the commencement of this action he dumped waste material from time to time on the surface of the Oneida Lode, and filled a stope under the tunnel, and that the plaintiff sustained substantial damages from the dumping on the surface of the lode and also from the filling of the stope. At the close of the trial the court instructed the jury to find what damage, if any, the plaintiff had sustained from the filling of the stope, and also what damage, if any, it had suffered from the dumping upon the surface of the lode, and to return a verdict against the defendant for the sum of these damages, if, under its other instructions, they found that the plaintiff was entitled to recover at all.

While proving its case in chief the plaintiff called a Mr. Nicholls as a witness, who testified that he worked for the plaintiff on the Oneida Lode in 1892, that he subsequently worked there for the defendant, that the defendant filled the stope under the tunnel, and he guessed that he was dumping there a month or two, though he had

nothing to do with the length of time he was dumping into the stope and made no note of it. After this testimony was given, in response to questions by plaintiff's counsel, the defendant's counsel, upon the cross-examination of this witness, asked him this question: "When did you do the dumping to which you have testified that you did in the No. 2 level when you were in the employ of Mr. Himrod?" An objection was made and sustained to this question and its answer on the sole ground that the evidence sought was immaterial, and this ruling is assigned as error.

The plaintiff does not allege in this case a single causal wrongful act and subsequent damages as aggravation. If it had done so, the statute of limitations would have run from the date of the causal wrongful act, and, if it barred that act, it would have barred all subsequent damages. McConnel v. Kibbe, 33 Ill. 175, 180, 85 Am. Dec. 265; 25 Cyc. 1138, note 79. Here the plaintiff avers that on March 1, 1903, and on divers other days and times prior and subsequent thereto, the defendant trespassed upon its land, and it demands damages for these continuing trespasses. This therefore is an action for continuing trespasses, and in such an action the damages from those committed without the time limited by the statute are barred thereby, although the damages from those committed within that time may be recovered. It is therefore difficult to perceive why proof whether the damages from the filling of the stope were inflicted without or within the six years before the commencement of the action limited by the statute for its beginning was not material.

In support of the ruling which excluded this evidence, counsel for the plaintiff below present three arguments. In the first place, they argue that this evidence was immaterial because the plea of the statute was to the entire complaint and was barred as to the part thereof which charged the trespasses within the six years and hence was insufficient as to all of them. Conceding for the moment, for the sake of the argument, the rule and its applicability to this case, the plea raised the issue whether or not any of the alleged trespasses were committed within the six years, and the defendant had the right to support his side of that issue by evidence that every one of the trespasses, and hence that any one of them, was not committed within the six years. The question challenged was asked in the plaintiff's main case before the court or the jury could have known whether the defendant's evidence would or would not establish the fact that all the trespasses were without the six years. The plaintiff had inquired of the witness whether the defendant had dumped waste material into the stope and how long he had continued to do so, and the witness had answered these queries. The question challenged was therefore proper cross-examination, and the answer to it was material because it would have tended to prove whether or not the trespasses in filling the stope were committed within or without the six years.

[1] Again, the rule cited is inapplicable to actions for continuing trespasses. In such an action a plea that none of the trespasses challenged was committed within the time limited by the statute for commencing suit upon it is sufficient to invoke the bar of the statute

against those committed without, although some of those charged were committed within, the time limited by the law. Angell on Limitations (6th Ed.) § 307; Bergman v. Inman, 43 Or. 456, 72 Pac. 1086, 73 Pac. 341, 99 Am. St. Rep. 771; Missouri Pacific Ry. Co. v. Houseman, 41 Kan. 300, 304, 21 Pac. 284, 286; Carpentier v. Mitchell, 29 Cal. 330, 336; 25 Cyc. 1138, note 80; Baldwin v. Calkins, 10 Wend. (N. Y.) 167, 179; Western Union Telegraph Co. v. Moyle, 51 Kan. 203, 32 Pac. 895; Union Pacific Ry. Co. v. Foley, 19 Colo. 280, 35 Pac. 542; Smith v. Philadelphia & R. R. Co. (C. C.) 57 Fed. 903; Dean v. Thwaite, 1 Morr. Min. Rep. 77. Every such trespass raises a new cause of action, and a plea that all of the trespasses charged were committed without the time limited by the statute is a plea that each of them was so committed, and those trespasses regarding which the proof sustains the plea fall, while those concerning which the proof fails to sustain it, stand. A separate plea for each alleged trespass, or any plea more specific than that here presented, would be burdensome, confusing, and useless.

In the second place, counsel for the Mining Company insist that the evidence sought was immaterial because the plaintiff by its complaint limited its claim to damages to the dumping of waste material extracted by the defendant from lands other than the Oneida Lode and counsel insist that the dumping in the stope was of material taken from the Oneida Lode. But the defendant had two defenses to this claim for damages for filling the stope: (1) That the claim was barred by the statute; and (2) that the stope was filled with material from the Oneida Lode. The fact that he proved, or that he had the privilege of proving, the latter defense, did not deprive him of the right to prove the former, nor make his proof of it immaterial. The subsequent course of the trial is a demonstration of this answer, for the court permitted the jury to find, and they probably did find, that the plaintiff was entitled to damages for this filling when no such recovery could have been allowed if satisfactory proof that the stope was filled more than six years before the action was commenced had been permitted and had been made.

[2] In the third place, the Mining Company's counsel insist that the ruling of the court below sustaining the objection to the defendant's question was not error because the defendant did not offer to prove the fact which he was trying to establish by the answer he sought to his query. But if a question is in proper form and clearly admits of an answer relevant to the issues and favorable to the party who propounds it, its exclusion is error although no offer to prove the facts sought to be established by the question is made. Buckstaff v. Russell, 151 U. S. 626, 636, 14 Sup. Ct. 448, 38 L. Ed. 292; Stanley v. Beckham, 153 Fed. 152, 155, 82 C. C. A. 304; Harris v. Brown, 187 Fed. 6, 7, 109 C. C. A. 60; Scotland County v. Hill, 112 U. S. 183, 186, 5 Sup. Ct. 93, 28 L. Ed. 692; Mo. Pac. Ry. Co. v. Castle, 172 Fed. 841, 844, 97 C. C. A. 124. The question which defendant's counsel asked falls far within this rule, the evidence sought by it was relevant to one of the chief issues in the case, and the rule which excluded the answer was a fatal error which was subsequently re-

peated in the taking of the testimony of the witness Hanchett and which seems to have conditioned the entire trial.

It is assigned as error that the court refused to admit in evidence a lease of a portion of the Oneida Lode and a deed of the perpetual right of way through the tunnel made by the plaintiff to the defendant and another, to whose right the defendant had succeeded, on August 15, 1894. These instruments were marked Exhibits 16 and 17, and the defendant offered them in evidence to prove that he entered, drove, and used the tunnel in the Oneida Lode with the permission of the plaintiff and not willfully and maliciously. As this case must be reversed and a new trial must be directed on account of the error in the trial of the issue upon the plea of the statute of limitations, and as it is possible that the error, if any, here was extracted by the charge of the court, it is unnecessary to discuss the questions this assignment presents. It is sufficient to say that if the issues remain the same at the second trial as they were upon the first, and these exhibits are offered in evidence, this court is of the unanimous opinion that they should be received. They disclose and fix the rights, privileges, and relations of the parties to this action to the Oneida Lode and the Lamartine tunnel.

Some other questions are presented by brief and argument, but their discussion is unnecessary to the disposition of the case, and the judgment is reversed, and the case is remanded to the court below for the error in the trial of the issue under the statute of limitations, with directions to set aside the verdict and grant a new trial.