## HIMROD v. FT. PITT MIN. & MILL. CO.

(Circuit Court of Appeals, Eighth Circuit. November 11, 1916. Rehearing Denied January 26, 1917.)

### No. 4686.

1. TRIAL ⊛251(1)—QUESTIONS FOR SUBMISSION TO JURY—ISSUE NOT MADE BY PLEADINGS.

A trial court is not required to submit to the jury, or to receive evidence upon, issues not made by the pleadings.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587, 588, 594; Dec. Dig. ⊛251(1).]

2. MINES AND MINERALS ⊛55(6)—RIGHT TO DUMP WASTE—IMPLIED CONDITION OF DEED.

Defendant acquired by right of way deed the right to use a tunnel in plaintiff's mine and to extend the same into his own claim. In an action to recover damages for his dumping of waste upon the surface of plaintiff's claim, held, that the jury were properly instructed that the deed did not by implication give defendant such rights unless he could not, without unreasonable inconvenience and expense, obtain dumping privileges elsewhere in the operation of the tunnel.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 156, 163, 164; Dec. Dig. ⊛55(6).]

3. TRESPASS ⊛68(1)—DAMAGES—INSTRUCTIONS.

Taking the whole charge in reference to the subject of damages, the court did not instruct the jury that damages could be awarded for acts of trespass committed six years prior to the accrual of the cause of action.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 151.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action at law by the Ft. Pitt Mining & Milling Company against Fred E. Himrod. Judgment for plaintiff, and defendant brings error. Affirmed.

F. L. Collom, of Idaho Springs, Colo., for plaintiff in error.

Caldwell Martin and Charles W. Waterman, both of Denver, Colo., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

CARLAND, Circuit Judge. This is an action by the Milling Company, as plaintiff, to recover from Himrod, as defendant, damages for

alleged trespasses upon the Oneida mining claim, Clear Creek county, Colo. The case has been here twice before. 202 Fed. 724, 121 C. C. A. 186; 220 Fed. 80, 135 C. C. A. 648. The plaintiff on the third trial, as it had on the previous trials, recovered a verdict. The defendant has again removed the case here, assigning error.

The errors assigned and argued by counsel for defendant, which we are authorized to consider, relate to the rulings of the trial court with reference to the following subjects: First, the right of the defendant by implication as a reasonable necessity to dump waste rock and débris from the Lamartine tunnel and mines onto the surface of the Oneida claim, in order to fully and properly enjoy the express rights granted by the right of way deed of August 15, 1894; second, the statute of limitations; third, estoppel; fourth, measure of damages.

In the discussion of the alleged errors in reference to the first subject, it is necessary to first consider just what the defendant by his answer claimed was his right under his right of way deed. The only paragraphs which relate to the subject are the second and fifth of the third defense pleaded in the answer. They read as follows:

"(2) That the said Himrod and his co-owner, Amuletta H. Hudson, have continuously worked the said Lamartine mine through the said No. 2 level of the Oneida mine from the said 15th day of August, A. D. 1894, up to the date hereof, dumping the waste rock and material taken from said Oneida lode mining claim, and from the claims lying between the said Oneida claim and the said Lamartine group, upon the surface of the said Oneida lode mining claim."

"(5) That in order to enable the said defendant and his said co-owner, Amuletta H. Hudson, to extend the said Oneida No. 2 level as aforesaid, through the said Oneida lode mining claim, and thence through and into the Lamartine group of claims hereinbefore described, it was necessary that the said defendant and his said co-owner dump the waste rock and other material from said tunnel or adit upon the surface of the said Oneida lode mining claim."

The language contained in paragraph 5 was the narrow ground upon which this court, at the time the case was last here, considered the question of the implied right of defendant under his right of way deed to dump waste rock and other material upon the Oneida claim. The opinion of the court gave illustrations and cited cases showing instances in which the implied right had been upheld; but these general expressions did not decide that the defendant had any other right than that of dumpage, for he had not claimed any other right. The court, in stating the question then under consideration, in the opinion (220 Fed. 82, 135 C. C. A. 650) said:

"At the close of the evidence the court instructed the jury that the plaintiff in error had no right to deposit, upon the surface of the Oneida claim, rock and waste brought from the tunnel or mines beyond the Oneida claim, and the jury returned a verdict against the plaintiff in error. The instructions of the court, denying the plaintiff in error the right of dumpage on the surface of the Oneida claim, are claimed to be erroneous, because the grant of that right was implied in the deed, as it was reasonably essential to carry on his mining operations through the tunnel."

This action was commenced March 28, 1908, and, although there have been three trials, the answer has remained the same in regard to the claim for the right of dumpage. The assignments of error re-

lating to the subject now under discussion complain that the trial court limited the inquiry as to the implied rights of the defendant under the right of way deed to the question of the necessity of the defendant to dump on the surface of the Oneida claim waste rock and other material simply for the purpose of disposing of the waste, whereas the defendant claimed that he not only had the right to have the question of his implied right to deposit waste rock and other material upon the Oneida claim merely as dumpage submitted to the jury, but that he also had the right to have submitted to them and to introduce evidence relating thereto, as to his right to deposit waste rock and other material at 'a point near the mouth of the tunnel for the storage of fuel and timbers, and for the turning of the delivery teams.

[1] We are of the opinion, after a careful examination of the record, that the assignments of error upon this subject are without merit, because the pleadings did not raise the question of the implied right in the defendant to establish yardage facilities on the Oneida claim, as we have heretofore shown in quoting from defendant's answer. We think that, if defendant claimed the right to deposit the waste rock and other material upon the Oneida claim for any other purpose than dumpage, he should have so pleaded. A trial court is not required to submit to the jury, or to receive evidence upon, issues not made by the pleadings. Nevada Co. v. Farnsworth, 102 Fed. 573, 42 C. C. A. 504; Frizzell v. Omaha St. Ry. Co., 124 Fed. 176, 59 C. C. A. 382; Grady v. St. Louis Transit Co., 169 Fed. 400, 94 C. C. A. 622.

[2] The trial court as to the implied right of the defendant charged the jury as follows:

"Now, the law does not imply that kind of a right in the party who got the contract—in the defendant and his mother—simply because it might be convenient for them to dump on the Oneida. Such a right can only be implied by the law, in considering all the circumstances and the situation in hand, when the right is a necessity to the party who claims it; that is, the situation is such that he could not obtain, without unreasonable labor and expense, any other place or way to dump this material. He is required, not only to show that it would be convenient and beneficial to him to dump it on the Oneida, but, in order to sustain the right as an implication that the law gives to him, he must go further, as I have already said to you, and show that he cannot, at an outlay of an amount that is within reason, obtain dumping privileges elsewhere in the operation of the tunnel. And the law leaves to you to determine, from all the facts surrounding the situation at the time the contract was made, the purpose for which it was made, the condition and situation with which it dealt, to determine whether or not the defendant by necessity was given that right under the contract; and for the purpose of determining that question in this case you may take into consideration the nature of the surface of the ground where the right claimed to deposit rock and waste was situate, its adaptability and value for other uses, the accessibility of other places at convenient reach from the mouth of the tunnel where dumping privileges could be had, and the reasonable cost of acquiring and using such other place. And if you find from the evidence in this case, considering the situation of the premises when the contract was made, the purpose for which it was made, that the defendant could obtain and use at a reasonable expense other places for dumping ground which were easily accessible from the mouth of the tunnel, then the law would not imply any right given by the contract to the defendant to dump on the Oneida claim. The necessity which must exist in order to imply a right in the defendant to dump rock and waste material coming from mining claims other than the Oneida lode mining claim upon the surface of the Oneida lode mining claim

must be more than convenient or beneficial, and it must appear affirmatively by a preponderance of the evidence, before such a right to dump upon the surface of the Oneida lode mining claim can be implied, that the defendant had no other way or place which could be conveniently provided and used without unreasonable labor and expense."

We are of the opinion that the charge fairly stated the rule as enunciated in the opinion of this court, and we do not think the charge is subject to the criticism that it confined the question at issue to the absolute necessity of dumping the waste rock and other material on the Oneida claim. The court said that, if the defendant had no other way or place which could be conveniently provided and used without unreasonable expense, he might deposit the waste rock and other material on the Oneida claim. In the discussion of this question we have assumed that it was properly raised during the trial; but it is very doubtful whether the trial court's attention was at any time called to the fact that counsel for defendant claimed any other right than that of dumpage.

The defendant pleaded section 4627 of Mills' Annotated Statutes of Colorado (1912), which reads as follows:

"*What Actions are Barred in Six Years.*—The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards: * * *

"Fifth. All actions for waste and for trespass upon land."

When the case was first here, this court ruled that, if the plaintiff had alleged a single causal wrongful act and subsequent damages as aggravation, the statute of limitations would have run from the date of the causal wrongful act, and if it barred that act it would have barred all subsequent damage; that the present action was one for continuing trespasses, and—

"in such an action the damages from those committed without the time limited by the statute are barred thereby, although the damages from those committed within that time may be recovered."

And again:

"Every such trespass raises a new cause of action * * * and those trespasses regarding which the proof sustains the plea fail, while those concerning which the proof fails to sustain it stand."

It is claimed by the defendant that the trial court charged the jury, in effect, not only that the burden of proof was on the defendant to show that the acts of trespass were committed prior to March 28, 1902, but that the damage was also inflicted prior to that date, and thereby enunciated a rule contrary to the decision of this court as above mentioned. The trial court upon this subject charged the jury as follows:

"As counsel has told you upon both sides, the defendant is entitled to, and you must give him the benefit of, the statute of limitations which he invokes for his protection in this case, and which he has a right to invoke, for which he is not subject to any criticism by you—that is to say, you must exclude from your consideration any damage that might have been inflicted by the defendant which was done prior to March 28, 1902, being six years before the bringing of the suit, and only allow the plaintiff, if you find in favor of the plaintiff, damages for such acts of trespass as are charged in the complaint, and established by the testimony, which took place after March 28, 1902, and

prior to March 28, 1908, the day that the suit was instituted. If you find from the testimony, from a preponderance thereof, that between March 28, 1902, and March 28, 1908, the defendant did dump waste rock and material upon the Oneida claim, that at the time he did so he could have conveniently and at reasonable expense dumped it elsewhere at a point convenient from the mouth of the tunnel, and that dumping that waste rock upon the Oneida claim resulted in damage to the plaintiff, then you must return a verdict in favor of the plaintiff for the amount you find it has been damaged.

"The defendant pleads the six-year statute. He charges that all of this damage was inflicted back of March 28, 1902, and, having so pleaded, the burden is on the defendant to show that the damage was inflicted—the dump was made—that the rock was thrown onto the Oneida claim, and the damage resulting therefrom inflicted, prior to March 28, 1902."

It is claimed that the last paragraph of the above charge is erroneous, under the decision of this court; but we are not at liberty to select isolated portions of a charge for the purpose of assigning error. We must look to the whole charge, for the purpose of ascertaining whether the particular charge complained of was all that there was said upon the subject. In the excerpt from the charge of the court above quoted it is said:

"That is to say, you must exclude from your consideration any *damage* that might have been inflicted by the defendant which was done prior to March 28, 1902, being six years before the bringing of the suit, and only allow the plaintiff, if you find in favor of the plaintiff, *damages for such acts of trespass* as are charged in the complaint, and established by the testimony, which took place after March 28, 1902, and prior to March 28, 1908, the day the suit was instituted."

[3] We are of the opinion that, taking the whole excerpt from the charge together, it was made clear to the jury that damages for acts of trespass committed prior to March 28, 1902, could not be recovered, and that no prejudice could have resulted to the defendant from the charge as given. We see no merit in the assignments of error relating to the statute of limitations.

The assignments of error relating to the question of estoppel have no merit. This was decided by this court when the case was last here, and reference to the opinion then rendered is made for our views. There was no error in the instruction of the court on the measure of damages. The defendant requested the court to charge that:

"The measure of damages for the deposit of such dump is the value of that portion of the surface of said claim covered by said dump."

This request was erroneous, as the dumping of the waste rock and material upon the Oneida claim at any place might damage the whole claim; and, moreover, it was claimed by the plaintiff that the power house, machinery, and blacksmith shop located on the Oneida claim were also damaged.

Complaint is made that the verdict is excessive. This is a subject we cannot consider.

A careful review of the record satisfies us that the judgment below must be affirmed; and it is so ordered.